1  CARPENTER, ROTHANS & DUMONT
   Steven J. Rothans (SBN 106579)
2  srothans@crdlaw.com
   Jill Williams (SBN 221793)
3  jwilliams@crdlaw.com
   888 S. Figueroa Street, Suite 1960
4  Los Angeles, CA 90017
   Tel: (213) 228-0400 Fax: (213) 228-0401
5
   CRISTINA L. TALLEY, CITY ATTORNEY
6  MOSES W. JOHNSON, IV (SBN 118769)
   Assistant City Attorney
7  E-mail: mjohnson@anaheim.net
   200 S. Anaheim Boulevard, Suite 356
8  Anaheim, California  92805
   Tel: (714) 765-5169 Fax: (714) 765-5123
9
   Attorneys for Defendants CITY OF
10 ANAHEIM; CITY OF ANAHEIM erroneously
   sued as ANAHEIM POLICE DEPARTMENT;
11 JOHN WELTER AND OFFICER NICK
   BENNALLACK
12
                 **UNITED STATES DISTRICT COURT**
13
                **CENTRAL DISTRICT OF CALIFORNIA**
14

15 ESTATE OF MANUEL DIAZ;          Case No.: SACV 12- 01897 JVS
16 GENEVIEVE HUIZAR, an                              (RNBx)
   individual; JOHN HUIZAR, an
17 individual; and; LUPE DIAZ, an     **NOTICE OF REMOVAL OF**
   individual,                        **ACTION UNDER 28 U.S.C. §1441(b)**
18                                     **FEDERAL QUESTION**
               Plaintiffs,
19
         v.
20
21 CITY OF ANAHEIM, a California
   municipal entity; ANAHEIM
22 POLICE DEPARTMENT, a
   California municipal entity; JOHN
23 WELTER; OFFICER NICK
   BENNALLACK; OFFICER DOE 2;
24 and Does 1-10, inclusive,

               Defendants.
25
26
27        TO THE CLERK OF THE ABOVE-ENTITLED COURT:
28        PLEASE TAKE NOTICE that Defendants CITY OF ANAHEIM, CITY

1   OF ANAHEIM, erroneously sued as ANAHEIM POLICE DEPARTMENT,

2   JOHN WELTER and OFFICER NICK BENNALLACK hereby remove to this

3   Court the state court action described below.

4        1.     On July 24, 2012 an action was commenced in the Superior Court of

5   the State of California in and for the County of Orange, entitled Estate of Manuel

6   Diaz; Genevieve Huizar, John Huizar and Lupe Diaz, Plaintiffs, vs. City of

7   Anaheim, Anaheim Police Department, John Welter and Officer Nick

8   Bennallack, as case number 30-2012 00585728.

9        2.     On October 9, 2012, Plaintiffs filed a First Amended Complaint for

10   Damages in this case hereto attached as Exhibit "A."

11        3.     The first date upon which Defendants, City of Anaheim, City of

12   Anaheim erroneously sued as Anaheim Police Department, John Welter and

13   Officer Nick Bennallack received a copy of the said first amended complaint was

14   October 10, 2012, when Defendants were served with a copy of the said first

15   amended complaint and a summons from the state court.  A copy of the

16   summons is attached hereto as Exhibit "B".

17        4.     Defendants, City of Anaheim, City of Anaheim erroneously sued as

18   Anaheim Police Department, John Welter and Officer Nick Bennallack were

19   never served with the original summons and complaint by Plaintiffs.

20        5.     This action is a civil action of which this Court has original

21   jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this

22   Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it

23   arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the

24   United States Constitution.

25        6.     All Defendants who have been served with the summons and first

26   amended complaint have joined in this Notice of Removal, as evidenced by the

27   fact that they are all represented by the Anaheim City Attorney's Office and

28   Carpenter, Rothans and Dumont.

1 | Dated:  November 1, 2012          CRISTINA L. TALLEY, CITY ATTORNEY

2

3 | By

4 | Moses W. Johnson, IV
Assistant City Attorney

5 | Attorneys for Defendants
CITY OF ANAHEIM; CITY OF

6 | ANAHEIM erroneously sued as
ANAHEIM POLICE

7 | DEPARTMENT; JOHN WELTER
AND OFFICER NICK

8 | BENNALLACK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 | 91978v1

3

# EXHIBIT A

1  Dana L. Douglas, SBN 158548
   Diana Lopez, SBN 267337
2  James F. Rumm, SBN 224412
   **DOUGLAS, LOPEZ & RUMM, LLP**
3  333 S. Anita Drive, Suite 780
   Orange, CA 92868
4  Telephone: (714) 634-3800
5  Facsimile: (866) 927-0571

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**10/09/2012** at 08:00:00 AM
Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

RECEIVED
2012 OCT 10 P 12: 28
OFFICE OF CITY CLERK
CITY OF ANAHEIM

6  Attorney for Plaintiffs, Estate of Manuel Diaz,
7  Genevieve Huizar, John Huizar and Lupe Diaz

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF ORANGE

10

11 ESTATE OF MANUEL DIAZ;              CASE NO: 30-2012-00585728
   GENEVIEVE HUIZAR, an individual;
12 JOHN HUIZAR, an individual, and;    **FIRST AMENDED COMPLAINT**
   LUPE DIAZ, an individual,           **FOR DAMAGES**
13
14          Plaintiffs,               1. **WRONGFUL DEATH**
                                       2. **NEGLIGENCE**
15 vs.                                 3. **NEGLIGENT HIRING,**
                                          **RETENTION AND TRAINING**
16 CITY OF ANAHEIM, a California       4. **DEPRIVATION OF CIVIL**
   municipal entity; ANAHEIM POLICE       **RIGHTS UNDER COLOR OF**
17 DEPARTMENT, a California municipal     **LAW;**
   entity; JOHN WELTER; OFFICER NICK  5. **DEPRIVATION OF CIVIL**
18 BENNALLACK; OFFICER DOE 2; and        **RIGHTS UNDER COLOR OF**
   Does 1-10, inclusive,                 **LAW (**<u>MONELL</u> **CLAIM)**
19
20          Defendants.               **DEMAND FOR JURY TRIAL**

21

22

23                              **<u>INTRODUCTION</u>**

24       1.      Plaintiffs, Estate of Manuel Diaz, Genevieve Huizar, John Huizar and Lupe Diaz,

25 seek judgment against Defendants the City of Anaheim; Anaheim Police Department; John

26 Welter, Officer Nick "Buckshot" Bennallack and Officer Doe 2 and Does 1-10 Defendants, for

27 wrongful death as the result of shooting and subsequent death of Manuel Diaz by officers of the

28 Anaheim Police Department on July 21, 2012 in the City of Anaheim, California.

                                       1

              **FIRST AMENDED COMPLAINT FOR DAMAGES**

2.     It is herein alleged that Defendants, Officer Nick "Buckshot" Bennallack and Officer Doe 2, without legal cause or excuse, unreasonably shot and killed Manuel Diaz on July 21, 2012.

**THE PARTIES**

3.     Plaintiff, THE ESTATE OF MANUEL DIAZ appears by and through its successors-in-interests and representatives GENEVIEVE HUIZAR, JOHN HUIZAR and LUPE DIAZ.

4.     At all times herein mentioned, Plaintiff Genevieve Huizar is, and was, an individual residing in the County of Orange, State of California and the mother of decedent Manuel Diaz. Plaintiff Genevieve Huizar is an "heir at law" of decedent Manuel Diaz and is one of the surviving "parent" of decedent Manuel Diaz as that term is defined by California Code of Civil Procedure Section 377.60(a) and has legal standing to maintain an action for wrongful death based upon the death of her son, Manuel Diaz, under California Code of Civil Procedure Section 377.60.

5.     At all times herein mentioned, Plaintiff John Huizar is, and was, an individual residing in the County of Orange, State of California and the step-father of decedent Manuel Diaz and was receiving financial support from him. Plaintiff John Huizar is an "heir at law" of decedent Manuel Diaz and is one of the surviving "step-parent" of decedent Manuel Diaz as that term is defined by California Code of Civil Procedure Section 377.60 and has legal standing to maintain an action for wrongful death based upon the death of his son, Manuel Diaz, under California Code of Civil Procedure Section 377.60.

6.     At all times herein mentioned, Plaintiff Lupe Diaz is, and was, an individual residing in the County of Orange, State of California and the sister of decedent Manuel Diaz and was receiving financial support from him. Plaintiff Lupe Diaz is an "heir at law" of decedent Manuel Diaz and is one of the surviving "sibling" of decedent Manuel Diaz as that term is defined by California Code of Civil Procedure Section 377.60 and has legal standing to maintain an action for wrongful death based upon the death of her brother, Manuel Diaz, under California Code of Civil Procedure Section 377.60.

2

7.    Upon information and belief, defendant, City of Anaheim ("Anaheim"), is and was, at all times relevant to the matters alleged in this complaint, a municipal entity organized under the laws of the State of California, County of Orange, and the public employer of the police officers named as defendants in this action.

8.    Upon information and belief, defendant, Anaheim Police Department ("Police Department"), is and was, at all times relevant herein to the matters alleged in this complaint, a separate department of Defendant Anaheim, organized under the laws of the State of California, County of Orange, City of Anaheim.

9.    Upon information and belief, defendant, Officer John Welter ("Welter"), was at all times relevant to the matters alleged in this complaint, the Chief of Police of Defendant Anaheim Police Department.  Defendant Welter was individually and in his official capacity as Chief of Police, Anaheim Police Department, the head policy maker of the Anaheim Police Department.

10.   Upon information and belief, defendant, Officer Nick Bennallack (also known as Nick "Buckshot" Bennallack), is and was, at all times relevant herein to the matters alleged in this complaint, a police officer with the Anaheim Police Department.  At all times herein mentioned, Defendant Officer Bennallack is, and was, a police officer employed by Defendants Anaheim and Police Department and, in doing the things herein alleged, was acting within the course and scope of his employment and was acting under color of law.

11.   Upon information and belief, defendant, Officer Doe 2, is and was, at all times relevant herein to the matters alleged in this complaint, a police officer with the Anaheim Police Department.  At all times herein mentioned, Defendant Officer Doe 2 is, and was, a police officer employed by Defendants Anaheim and Police Department and, in doing the things herein alleged, was acting within the course and scope of his employment and was acting under color of law. Plaintiffs are unaware of the true name of Officer Doe 2 and Plaintiffs will amend this complaint to allege said defendant's true name becomes known to them.

12.   In addition to the facts alleged in the following paragraphs, the following defendants are all sued in their individual and official capacities and all acted within the scope of

3

their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of California and/or the City of Anaheim:

        a.  Defendant Welter, at all times relevant herein, the Chief of Police of the City of Anaheim;

        b.  Defendants Anaheim Police Department Officer Bennallack and Officer Doe 2 and others, the identity and number of whom are presently unknown to Plaintiffs, were, at all times relevant herein to the matters alleged in this complaint, employed as police officers by Defendant Anaheim and Police Department.

13.    Plaintiffs are unaware of the true names and capacities of those defendants sued herein as DOE defendants. Plaintiffs will amend this complaint to allege said defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed and believe, and thereon allege, that these DOE defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants legally and approximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful and wonton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this complaint to set forth said true names and identities of the unknown DOE defendants when they are ascertained.

14.    Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the defendants was the agent and/or employee and/or co-conspirator of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of the other co-defendants. The acts of each of the Defendants were adopted by and ratified by the remaining Defendants.

15.    Defendants Anaheim, Police Department and Welter either encouraged, assisted, ratified and/or with deliberate indifference failed to prevent any of the acts complained of herein.

4

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## FACTS COMMON TO ALL COUNTS

16.     On July 21, 2012, decedent, Manuel Diaz, was in the City of Anaheim, visiting some friends of his near the intersection of La Palma and Anna Drive.

17.     At approximately 4:00 p.m., Decedent, Manuel Diaz was near the 600 Block of Anna Drive in Anaheim, California, speaking with some acquaintances.

18.     Plaintiffs are informed, believe and thereon allege that Defendants Officer Nick "Buckshot" Bennallack and Officer Doe 2, observed Manuel Diaz and began chasing him, despite the fact that Manuel Diaz was not violating any laws or wanted for any legal violations.

19.     Plaintiffs are informed, believe and thereon allege that Officer Bennallack and Officer Doe 2 were in an unmarked police vehicle and may have had another person present in the car with them at the time.

20.     Plaintiffs are informed, believe and thereon allege that Manuel Diaz responded instinctively when he saw people chasing him and began to run.

21.     Plaintiffs are informed, believe and thereon allege that Officer Bennallack, and Officer Doe 2, chased after Manuel Diaz when they saw him running.

22.     At the time, Manuel Diaz was unarmed, was committing no crime and did not pose a threat to Officer Bennallack, Officer Doe 2, or anyone else.

23.     Plaintiffs are informed, believe and thereon allege that while Manuel Diaz was running away, Officer Nick "Buckshot" Bennallack fired his sidearm once toward Manuel Diaz's legs, which resulted in an injury that caused Manuel Diaz to fall to the ground.

24.     Plaintiffs are informed, believe and thereon allege that after Manuel Diaz fell to the ground Officer Bennallack and/or Officer Doe 2 fired a second gun-shot into the back of Manuel Diaz's head, which resulted in the injury that caused Manuel Diaz's death.

25.     There was no justification for shooting Manuel Diaz. Manuel Diaz had committed no crime, did not possess any type of weapon and posed no threat of harm to Officer Bennallack, Officer Doe 2 or anyone else.

26.     The wrongful death of Manuel Diaz was witnessed by numerous individuals on Anna Drive on the afternoon of July 21, 2012, and the callous and wrongful nature of the death

5

1    was so shocking that it led to an immediate protest against the police on the scene by members of

2    the neighborhood.

3       27.    Furthermore, after Officer Bennallack and Officer Doe 2 shot Manuel Diaz, rather

4    than providing medical attention to Manuel Diaz, Officer Bennallack, Officer Doe 2 and other

5    officers of the Anaheim Police Department searched for any type of evidence of weapons or

6    drugs that they could say had come from Manuel Diaz but were unable to find any.  Meanwhile,

7    Manuel Diaz lay face down on the ground bleeding from his head without receiving any medical

8    attention or first aid.

9       28.    The officers of Defendant Police Department have been engaging in far reaching

10   and overly aggressive enforcement procedures which have led to the killing of numerous

11   different individuals in an unwritten policy and procedure of Defendant Police Department to

12   intimidate individuals in Anaheim through the violence and murder of individuals such as

13   Manuel Diaz.

14      29.    The policies and procedures of Defendant Police Department were ratified and

15   were made known to officers of Defendant Police Department at the direction of Defendant

16   Welter.

17      30.    Plaintiffs allege that on or about July 21, 2012, in the City of Anaheim,

18   California, decedent Manuel Diaz was arrested and detained, under color of state law, and

19   without apparent cause, by Defendants Officer Nick "Buckshot" Bennallack and Officer Doe 2,

20   hereinafter referred to as "Defendant Officers."

21      31.    Plaintiffs are informed and believe that in the course of detaining Manuel Diaz,

22   Defendant Officers unnecessarily and unjustifiably shot Manuel Diaz in his leg and then in the

23   back of his head causing his death.  This conduct was intentional, reckless and in violation of

24   Manuel Diaz's Constitutional rights.

25      32.    Plaintiffs allege that on or about July 21, 2012, Defendant Officers, while so

26   employed by Defendants Anaheim and Police Department, and acting under color of law,

27   arrested, assaulted and battered Manuel Diaz in violation of his rights under the Fourth, Fifth,

28   Eighth and Fourteenth Amendments of the United States Constitution.

6

33.     Plaintiffs are informed and believe that the force used by Defendant Officers was unjustified and excessive.  Manuel Diaz was unarmed, had committed no crime and was not a threat to the safety of Defendants or others.

34.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Manuel Diaz suffered the following injuries and damages for which Plaintiffs may recover:

      a.   Violation of Manuel Diaz's Constitutional Rights;

      b.   Loss of the life of Manuel Diaz including the value of his life;

      c.   Conscious physical pain, suffering and emotional trauma during the incident of July 21, 2012 until his death.

      d.   Decedent Manuel Diaz's medical bills incurred attempting to save his life.

35.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

      a.   Loss of love, aide, comfort and society due to the death of decedent Manuel Diaz, according to proof;

      b.   Loss of economic support of decedent Manuel Diaz; and

      c.   Funeral and burial expenses according to proof.

36.     Defendants Anaheim and Police Department are liable through the application of *respondeat superior* pursuant to Sections 815.2, 820 and 825 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting within the course and scope of their employment with said public entities.

37.     On July 24, 2012, a claim was presented by Plaintiffs to Defendant Anaheim pursuant to and in substantial compliance with California Government Code section 910 for damages sustained as a result of the incident set forth below.  On September 10, 2012, said claim was rejected by operation of law, and the current Complaint is timely filed as to all State claims. All prerequisite California Government Code claims filing requirements in relation to this case have been satisfied as to Defendants Anaheim and Police Department, Officer Bennallack, Officer Doe 2 and Police Chief John Welter.

7

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants and DOES 1-10

### For INTENTIONAL WRONGFUL DEATH (C.C.P. §377.60))

38.     Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs 1 through 37 as though fully set forth hereinafter.

39.     On or about July 21, 2012, defendants, and each of them, acting within the course and scope of their employment with the Anaheim Police Department, forcefully assaulted Plaintiffs' decedent, and, Plaintiffs are informed and believe, that in the course of assaulting Plaintiffs' decedent Defendant Officer Nick "Buckshot" Bennallack and Officer Doe 2, fatally shot Plaintiffs' decedent in a show of unnecessary, intentional and unsafe use of force upon Plaintiffs' decedent. As a result of Defendants' actions Plaintiffs' decedent died later that day on July 21, 2012.

40.     Moreover, as a legal, direct and proximate cause of the aforesaid conduct, Plaintiffs have suffered, and continue to suffer the loss of Plaintiffs' decedent.

41.     Said assault and battery was not consented to by Plaintiffs' decedent, nor was the defendants' infliction of serious bodily injury upon Plaintiffs' decedent privileged or immunized by the laws of the State of California.

42.     Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs' decedent of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendants Officer Bennallack and Officer Doe 2 in an amount to be proven at the trial of this matter.

43.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

a.   Loss of love, aide, comfort and society due to the death of decedent Manuel Diaz, according to proof;

8

**FIRST AMENDED COMPLAINT FOR DAMAGES**

b.  Loss of economic support of decedent Manuel Diaz; and

c.  Funeral and burial expenses according to proof.

## SECOND CAUSE OF ACTION

**(By Plaintiffs Against All Defendants and DOES 1-10 for NEGLIGENT WRONGFUL**

**DEATH (C.C.P. §377.60))**

44.  Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs 1 through 43 as though fully set forth hereinafter.

45.  On or about July 21, 2012, defendants Officer Nick "Buckshot" Bennallack and Officer Doe 2 so negligently attempted to restrain and detain by use of deadly force upon Manuel Diaz so as to cause him serious bodily injury, and ultimately his death.

46.  As a direct, legal and proximate result of defendants' negligence, Plaintiffs' decedent suffered, bodily injuries, mental injuries and emotional distress and died from his injuries on July 21, 2012.

47.  At all times herein mentioned, Defendants Officer Nick "Buckshot" Bennallack and Officer Doe 2 violated Anaheim Police Department procedures with regard to the use of deadly force such that Defendants recklessly and/or negligently caused injuries and the eventual death of Manuel Diaz.

48.  As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have suffered the following injuries, including but not limited to:

a.  Loss of love, aide, comfort and society due to the death of decedent Manuel Diaz, according to proof;

b.  Loss of economic support of decedent Manuel Diaz; and

c.  Funeral and burial expenses according to proof.

## THIRD CAUSE OF ACTION

**(By Plaintiffs Against Defendants ANAHEIM, POLICE DEPARTMENT and WELTER For**

**NEGLIGENT HIRING, TRAINING AND RETENTION leading to For WRONGFUL**

**DEATH (C.C.P. §377.60))**

49.  Plaintiffs repeat and reallege each and every allegation of the foregoing

9

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  paragraphs 1 through 48 as though fully set forth hereinafter.

2      50.    Plaintiffs are informed and believe and thereon allege that Defendants Anaheim,

3  Police Department and Welter were aware of the unfitness of Defendants Officer Nick

4  "Buckshot" Bennallack and Officer Doe 2 and that Defendants Anaheim, Police Department and

5  Welter, as a policy, custom and practice of Defendants Anaheim and Police Department

6  continued to employ and utilize Defendants Officer Nick "Buckshot" Bennallack and Officer

7  Doe 2 resulting in the death of Manuel Diaz.

8      51.    At all times herein mentioned, Defendants City Of Anaheim, Police Department

9  and Welter were negligent in supervising the conduct of Defendants Officer Nick "Buckshot"

10  Bennallack and Officer Doe 2, resulting in the injuries and death of Manuel Diaz.

11      52.    Plaintiffs are informed and believe, and thereon allege, that on or before July 21,

12  2012, Defendants Anaheim, Police Department and Welter so negligently hired, trained,

13  supervised, employed and/or managed Defendant Officer Nick "Buckshot" Bennallack and

14  Officer Doe 2 by failing and refusing to train Anaheim Police Department officers in proper

15  restraint techniques and use of deadly force to ensure that they did not pose an unreasonable risk

16  of serious bodily injury; in that the defendants knew or, in the exercise of reasonable diligence,

17  should have known, that these officers were dangerous and violent employees, prone to use

18  unnecessary force and in a manner that demonstrated callous disregard for the rights and safety

19  of civilian citizens, and assault and batter persons and/or use unnecessary, unreasonable, and/or

20  unlawful physical force without reasonable justification.

21      53.    As a legal, direct and proximate result of the aforementioned negligence by

22  defendants, and each of them, Plaintiffs' decedent suffered bodily injuries, mental injuries and

23  emotional distress and died from his injuries.

24      54.    As a direct and proximate result of the actions of Defendants, and each of them,

25  Plaintiffs have suffered the following injuries, including but not limited to:

26          a.  Loss of love, aide, comfort and society due to the death of decedent Manuel Diaz,

27             according to proof;

28          b.  Loss of economic support of decedent Manuel Diaz; and

FIRST AMENDED COMPLAINT FOR DAMAGES

c.   Funeral and burial expenses according to proof.

**FOURTH CAUSE OF ACTION**

(By All Plaintiffs Against All Defendants For **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW** [42 USC §§1981, 1983, 1985, 1986 and 1988 including Wrongful Death and Survival under Federal Violation of Civil Rights])

55.   Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs 1 through 54 as though fully set forth hereinafter.

56.   This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of California.

57.   At all times mentioned herein, Defendants Anaheim and Police Department employed the individual defendants herein. Said defendants provided their individual defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of Defendants Anaheim and Police Department.

58.   During all times mentioned herein, the individual defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California, City of Anaheim. Each of the individual defendants here, separately and in concert, deprived Decedent, Manuel Diaz of the rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States and the Constitution and laws of the State of California.

59.   On or about July 21, 2012, Defendant Officers forcibly detained and seriously injured Manuel Diaz, Plaintiffs' decedent, as described above, all of which constituted excessive, unjustifiable, and unreasonable force in violation of Manuel Diaz, Plaintiffs' decedent's right to be free from unreasonable searches and seizures, and his due process right to be free from arbitrary deprivations of life, liberty, property and the pursuit of happiness. The above referenced

11

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    alleged conduct was done with deliberate indifference and/or intentionally by Defendant

2    Officers.

3        60.    At all times herein relevant, and prior thereto, Defendants Welter, Police

4    Department and Anaheim had a duty to:

5            a.   Train Anaheim Police Department officers to respect and protect the Federal

6                 constitutional and California constitutional and statutory rights of citizens,

7                 arrestees and detainees;

8            b.   Supervise Anaheim Police Department officers to assure that they do not use

9                 excessive force, and do not assault and batter citizens;

10           c.   Supervise Anaheim Police Department officers to assure that they respect and

11                protect the Federal constitutional and California constitutional and statutory

12                rights of citizens, arrestees and detainees;

13           d.   Not continue to employ officers of the Anaheim Police Department with a

14                propensity for violence and use of excessive force;

15           e.   Refrain from the use of restraint techniques that can pose an unreasonable risk

16                of serious bodily injury, and constitute the use of unreasonable force;

17       61.    To the contrary, Defendants Welter, Police Department and Anaheim have

18   illustrated their willful and deliberate indifference to the constitutional rights of Decedent,

19   Manuel Diaz and Plaintiffs by the following:

20           a.   By failing, neglecting and refusing to train Anaheim Police Department officers to

21                respect and protect the Federal constitutional and California constitutional and

22                statutory rights of citizens, arrestees and detainees;

23           b.   By failing, neglecting and refusing to supervise Anaheim Police Department

24                officers to assure that they do not use excessive force, and do not assault and

25                batter citizens;

26           c.   By failing, neglecting and refusing to supervise Anaheim Police Department

27                officers to assure that they respect and protect the Federal constitutional and

28                California constitutional and statutory rights of citizens, arrestees and detainees;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

d.  By failing, neglecting and refusing to terminate Anaheim Police Department officers with a propensity for violence and history of use of excessive force;

e.  By instituting a policy of excessive force and harm against individuals in an attempt to intimidate potential gang members in Anaheim.

62.  The above acts or omissions of Defendant Officers were undertaken while under color of state law and resulted in the violation of Plaintiffs' constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of Defendants Welter, Police Department and Anaheim alleged herein and as applied to Plaintiffs, resulted in violation of Plaintiffs' decedent's constitutional rights.

63.  At all times herein mentioned, there was no need for the force utilized against Plaintiffs' decedent, Manuel Diaz. There was no crime committed by Manuel Diaz and, Manuel Diaz did not pose an immediate threat to the safety of the Defendant Officers or others.

64.  The above acts, omissions, customs, practices and/or decisions of the defendants, and each of them, while carried out under color of law, have no justification or excuse in law, an instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary, and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons, property, or ensuring civil order. The above acts, omissions, decisions, customs, practices and/or policies were consciously chosen from among various alternatives.

65.  Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs' decedent of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendants Officer Nick "Buckshot" Bennallack and Officer Doe 2 in an amount to be proven at the trial of this matter.

66.  As a direct, proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, and each of them, Plaintiffs have suffered, and continue

13

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   to suffer, the loss of Plaintiffs' decedent who died because of Defendants' actions.  Additionally,

2   due to the aforesaid acts, omissions, customs, practices, policies and decisions, Plaintiffs'

3   decedent was disabled from pursuing his usual occupation.

4        67.    Plaintiffs may maintain causes of action under 42 U.S.C. §1983 as a Federal

5   Survival Action and recover damages for the value of the decedent's life and the decedent's pain

6   and suffering under cases interpreting 42 U.S.C. 1983 including Robertson v. Wegmann (1978)

7   436 U.S. 584, 595; Bass v. Wallenstein 769 F.2d 1173, 1190 (7th Cir. 1985); Guyton v. Phillips

8   532 F.Supp 1154, 1167-1168 (N.V. Cal. 1981) [disapproved on other grounds by Peraza v.

9   Delameter 722 F.2d 1455 (9th Cir. 1984)]; Williams v. City of Oakland 915 F.Supp 1074, 1079-

10   1080 (N.D. Cal. 1996); Garcia v. Whitehead 961 F.Supp 230, 233 (C.D. Cal. 1997); Bell v. City

11   of Milwaukee 746 F.2d 1205, 1235-1240 (7th Cir. 1985); McFadden v. Sanchez 710 F.2d 907,

12   911 (2nd Cir. 1983); and Jaco v. Bloechile 739 F.2d 239, 245 (6th Cir. 1984).

13        68.    At all times herein mentioned, Plaintiffs are entitled to recover damages for the

14   value of decedent Manuel Diaz's life, as well as for decedent Manuel Diaz's pain and suffering.

15   This includes pain and suffering of decedent and the value of the loss of his life, which Plaintiffs

16   allege to be in excess of fifty million dollars ($50,000,000.00).

17        69.    As a direct and proximate result of the actions of Defendants, and each of them,

18   Plaintiffs have also suffered the following injuries, including but not limited to:

19            a.    Loss of love, aide, comfort and society due to the death of decedent, Manuel Diaz,

20                according to proof;

21            b.    Loss of economic support of decedent, Manuel Diaz; and

22            c.    Funeral and burial expenses according to proof.

23        70.    Additionally, Plaintiffs have been forced to incur substantial amounts for

24   attorneys' fees, investigation expenses, and other expenses in the vindication of Plaintiffs'

25   constitutional rights. Plaintiffs are entitled to and hereby demand costs, attorneys' fees and

26   expenses pursuant to 42 U.S.C. § 1988.

27   \\\

28   \\\

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## FIFTH CAUSE OF ACTION

(By All Plaintiffs Against Defendants Anaheim, Police Department and Welter and Does 1-10

for **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW** (MONELL CLAIM)

[42 USC §§1983, 1985, 1986, 1988 including Wrongful Death and Survival under Federal

Violation of Civil Rights])

71.     Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs 1 through 70 as though fully set forth hereinafter.

72.     At all times herein mentioned, Defendants Anaheim and the Police Department maintained a custom, policy and practice to allow the violation of the Civil rights of individuals whom they were detaining, including applying excessive force against potential gang members in an attempt to harass and intimidate those individuals.  All of these actions were done in violation of Plaintiffs' decedent, Manuel Diaz's Civil Rights under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for the denial of the Civil Rights of Plaintiffs' decedent and others.

73.     Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs' decedent of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendants Officer Nick "Buckshot" Bennallack and Officer Doe 2 in an amount to be proven at the trial of this matter.

74.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Manuel Diaz suffered the following injuries and damages, which Plaintiffs allege to be in excess of fifty million dollars ($50,000,000.00), for which Plaintiffs may recover:

     a.   Violation of Manuel Diaz's Constitutional Rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment;

15

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1          b.  Loss of the life of Manuel Diaz including the value of his life;

2          c.  Conscious physical pain, suffering and emotional trauma during the incident of

3              July 21, 2012 through his death.

4      75.  As a direct and proximate result of the actions of Defendants, and each of them,

5  Plaintiffs have also suffered the following injuries, including but not limited to:

6          a.  Loss of love, aide, comfort and society due to the death of decedent, Manuel Diaz,

7              according to proof;

8          b.  Loss of economic support of decedent Manuel Diaz; and

9          c.  Funeral and burial expenses according to proof.

10     76.  Additionally, Plaintiffs have been forced to incur substantial amounts for

11  attorneys' fees, investigation expenses, and other expenses in the vindication of Plaintiffs'

12  constitutional rights. Plaintiffs are entitled to and hereby demands costs, attorneys' fees and

13  expenses pursuant to 42 U.S.C. § 1988.

14

15     **WHEREFORE**, Plaintiffs pray for judgment against defendants as follows:

16     1.  General damages for violation of Manuel Diaz's Constitutional Rights under the

17         Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

18         Constitution to be free from unreasonable search and seizure of his person and

19         summary, cruel and unusual punishment in the sum of $50,000,000.00;

20     2.  General damages for loss of the life of Manuel Diaz including the value of his life

21         in an amount according to proof at the time of trial;

22     3.  General damages for conscious physical pain, suffering and emotional trauma

23         during the incident of July 21, 2012 through Manuel Diaz's death in an amount

24         according to proof at the time of trial;

25     4.  Loss of love, aid, comfort and society due to the death of decedent Manuel Diaz,

26         according to proof;

27     5.  Loss of economic support of decedent Manuel Diaz in an amount according to

28         proof at the time of trial;

16

**FIRST AMENDED COMPLAINT FOR DAMAGES**

6.    Funeral and burial expenses according to proof;

7.    Decedent Manuel Diaz's medical bills incurred attempting to save his life.

8.    Punitive damages to punish and make an example of the individual officer defendants, Officer Nick "Buckshot" Bennallack and Officer Doe 2 in an amount according to proof at the time of trial;

9.    Attorneys' fees, investigation expenses, costs, and other expenses in the vindication of Plaintiffs' Constitutional Rights under 42 U.S.C. §1988 in an amount according to proof at the time of trial;

10.   For other general damages in an amount according the proof at trial;

11.   For other special damages in an amount according to proof at trial;

12.   For pre-judgment and post-judgment interest; and

13.   For such other and further relief as the Court may deem just and proper.


Dated: October 4, 2012              **DOUGLAS, LOPEZ & RUMM, LLP**


                                    By: _____
                                        Dana L. Douglas
                                        Diana Lopez
                                        James F. Rumm
                                        Attorneys for Plaintiffs

17

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiffs, Estate of Manuel Diaz, Genevieve Huizar, John Huizar and Lupe Diaz, hereby demand a trial by jury.


Dated: October 4, 2012                **DOUGLAS, LOPEZ & RUMM, LLP**


By: _____
     Dana L. Douglas
     Diana Lopez
     James F. Rumm
     Attorneys for Plaintiffs

18

**FIRST AMENDED COMPLAINT FOR DAMAGES**

# EXHIBIT B

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF ANAHEIM, a California municipal entity;
[ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ESTATE OF MANUEL DIAZ; GENEVIEVE HUIZAR, an individual;
JOHN HUIZAR, an individual; and; LUPE DIAZ, an individual

**RECEIVED**
2012 OCT 10 P 12: 28

OFFICE OF CITY CLERK
CITY OF ANAHEIM

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 24 2012**

ALAN CARLSON, Clerk of the Court

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of Orange, Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92701

| CASE NUMBER: | 30-2012 |
|---|---|
| *(Número del Caso):* | 00585728 |

**JUDGE ANDREW P. BANKS**
**DEPT. C11**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dana Douglas, DOUGLAS, LOPEZ & RUMM, LLP 333 S. Anita Drive, Suite 780, Orange, CA 92868

DATE: **JUL 24 2012**    **ALAN CARLSON**    Clerk, by    **HEATHER MITCHELL**    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 S. Anaheim Boulevard, Suite 356, Anaheim, California  92805.

On November 1, 2012, I served the foregoing document described as:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) FEDERAL QUESTION**

on interested parties in this action by placing the original/a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Dana L. Douglas, Esq.                                714-634-3800
Diana Lopez, Esq.                                    866-927-0571 (fax)
James F. Rumm, Esq.
Douglas, Lopez & Rumm, LLP           *Attorneys for Plaintiff*
333 S. Anita Drive, Suite 780
Orange, CA  92868

Steven J. Rothans, Esq.                          213-228-0400
Jill Williams                                            213-228-0401 (fax)
Carpenter, Rothans & Dumont
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017

☒      BY MAIL: As follows:  I am readily familiar with the City's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice correspondence is deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Anaheim, California in the ordinary course of business.  The correspondence described above was placed for deposit at 200 S. Anaheim Boulevard, Anaheim, California 92805, on the date set forth above.

☐      BY FACSIMILE: I caused the contents of said envelope to be delivered by facsimile transmission to the above addressee(s).

☐      BY METHOD OF OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered via Express Mail or other method of delivery providing for overnight delivery to the addressee(s) designated.

☐      BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the
addressee(s) designated.

I declare under penalty of perjury that the above is true and correct.

Executed at Anaheim, California.

Michelle M. Russell

92241v1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Estate of Manuel Diaz; Genevieve Huizar, an individual; John Huizar, an individual, and Lupe Diaz, an individual | City of Anaheim, a California municipal entity; Anaheim Police Department, a California mmunicipal entity; John Welter; Officer Nick Bennallack; Officer Doe 2; and Does 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Dana L. Douglas   (714-634-3800)<br>Douglas, Lopez & Rumm, LLP<br>333 S. Anita Drive, Suite 780, Orange, CA 92868 | Moses W. Johnson   *SEE ATTACHED<br>Anaheim City Attorney's Office<br>200 S. Anaheim Blvd., Suite 356<br>Anaheim, CA 92805   (714-765-5169) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $Amount to be proven at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: ___ **SACV12-01897 JVS (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

Continuation of Civil Cover Sheet (CV-71)

**\*1(b) – Additional Counsel for Defendant:**

Steven J. Rothans
Jill Williams
Carpenter, Rothans & Dumont
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
Tel: (213) 228-0400

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   November 1, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1897 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY