UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1897 JVS (RNBx) | Date | March 12, 2013 |
| Title | Estate of Manuel Diaz et al. v. City of Anaheim et al. | | |

Present: The Honorable   James V. Selna

Karla J. Tunis                    Not Present
Deputy Clerk                    Court Reporter

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                      Not Present

**Proceedings:**    (IN CHAMBERS)   Order Granting Defendants' Motion for Judgment on the Pleadings (fld 2-21-13)

     Defendants City of Anaheim ("the City"), Chief John Welter ("Welter"), and Officer Nick Bennallack ("Bennallack") (collectively, "Defendants") move for move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the claims brought by John Huizar ("J. Huizar") and Lupe Diaz ("L. Diaz"), the decedent Manuel Diaz's ("M. Diaz") step-father and sister. Defendants do not argue that Genevieve Huizar, M. Diaz's mother, lacks standing to bring this action. (Motion, Docket No. 13, at 1.) Plaintiffs failed to file a timely opposition. L.R. 7-9 (oppositions due twenty-one days before hearing). The Court deems Plaintiffs' failure their consent to the granting of the motion. L.R. 7-12. In light of the public interest in these proceedings, the Court also briefly addresses the merits.

     Cal. Code Civ. Pro. § 377.60 provides, in relevant part, that the decedent's personal representative or the persons who would be entitled to the property of the decedent by intestate succession may bring a wrongful death action. The Court has no evidence of a probate petition being filed in state court, so there is no personal representative and Plaintiffs' standing rests on intestate succession. M. Diaz had no issue. Therefore, the intestate estate passes to his parents. Cal. Prob. Code 6402(b). Thus, L. Diaz is precluded from bringing any claims. See Cal. Prob. Code 6402(c) (issue of parents take only if there is no surviving issue or parent of decedent). Similarly, because J. Huizar never adopted M. Diaz, he cannot inherit from M. Diaz. See Cal. Prob. Code § 6454; see also Welch v. Yoell, 73 F. App'x 215, 216 (9th Cir. 2003) (affirming that shooting victim's stepfather lacked standing to bring wrongful death action where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 12-1897 JVS (RNBx)                              Date    March 12, 2013

Title    Estate of Manuel Diaz et al. v. City of Anaheim et al.

stepfather had not adopted victim, was not personal representative of victim's estate, had no entitlement to victim's property under intestate succession, and as not dependent parent of victim).[1] Therefore, L. Diaz and J. Huizar lack standing to bring a claim for wrongful death.

Cal. Code Civ. Pro. § 377.30 provides that a survival action may be brought by the decedent's personal representative or successor in interest if there is no personal representative.[2] "Successor in interest" means "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Id. § 377.11. Where a decedent dies without leaving a will, the "beneficiary of the estate" is "the sole person or all the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code." Cal. Code Civ. Pro. § 377.10(b). Thus, the analysis mirrors that for the wrongful death claim: L. Diaz cannot recover because she is M. Diaz's sister and his mother, Genevieve Huizar, is alive; J. Huizar cannot recover because he is M. Diaz's non-adoptive stepparent. Accord Welch, 73 F. App'x at 217 (affirming that stepfather lacked standing to bring state survival causes of action where he was not decedent's personal representative, successor in interest, or beneficiary of the estate). Therefore, L. Diaz and J. Huizar lack standing to maintain their second, third, fourth, and fifth claims, except, as Defendants note, to the extent these claims pertain to the loss of familial association under the Fourteenth Amendment. (See Motion, at 8.)

---

[1] The Court notes that although Plaintiffs' Complaint alleges that Huizar and L. Diaz received financial support from M. Diaz, that does not necessarily show that they were dependent on the financial support of M. Diaz for the necessaries of life. E.g., Foster v. City of Fresno, 392 F. Supp. 2d 1140, 1146 (E.D. Cal. 2005) (citing Perry v. Medina, 192 Cal. App. 3d 603, 608–10 (1987)). Even if that were true, L. Diaz still would lack standing under Cal. Code Civ. Pro. § 377.60(b), which does not mention siblings, and Huizar would still lack standing because he would not qualify as a "parent" under Cal. Prob. Code § 6450.

[2] The Court notes that a "person who seeks to commence an action . . . as the decedent's successor in interest" under California law must file a declaration containing certain information. Cal. Code Civ. Pro. § 377.32; see Garcia v. Adams, No. F 04-5999 AWI SMS, 2006 WL 403838, at *12 (E.D. Cal. Feb. 17, 2006). Defendants did not address the absence of any such declaration or its constituent parts as to L. Diaz and Huizar in their motion, but it does provide an additional grounds for granting the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1897 JVS (RNBx) | Date | March 12, 2013 |
| Title | Estate of Manuel Diaz et al. v. City of Anaheim et al. | | |

    Accordingly, the Court **GRANTS** the Motion for Judgment on the Pleadings. The Court deems this motion appropriate for decision without oral argument and vacates the March 25, 2013, hearing. Fed. R. Civ. P. 78; L.R. 7-15.

    IT IS SO ORDERED.

                                                                                                                 : 00

Initials of Preparer    kjt