UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MANUEL DIAZ; GENEVIEVE HUIZAR, an individual, and; LUPE DIAZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM, a California municipal entity; ANAHEIM POLICE DEPARTMENT, California municipal entity; JOHN WELTER; OFFICER NICK BENNALLACK; OFFICER DOE 2 AND Does 1-10, inclusive,<br><br>Defendants. | Case No.: SACV12-01897 JVS (RNBx)<br><br>[Proposed] PROTECTIVE ORDER GOVERNING ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE INVESTIGATION REPORT |

IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

In or about January 2013, the office of the Orange County District Attorney ("OCDA") released to the City of Anaheim its report concerning the investigation into the officer involved shooting that is at issue in this lawsuit.  This report contains numerous police reports, witness statements, reports of evidence analysis prepared by the Orange County Crime Lab, the autopsy report pertaining to Decedent Manuel Angel Diaz ("decedent"), the criminal history index of decedent, the Anaheim Police Department ("APD") reports that pertain to this incident,

among other items (collectively, "OCDA Report").  This OCDA Report shall be subject to this Protective Order as follows:

1. All documents produced by the City of Anaheim that compromise the OCDA Report will be clearly designated as "CONFIDENTIAL" and be placed in an envelope labeled as such prior to the disclosure.  The "CONFIDENTIAL" designation shall be placed on the printed pages of the OCDA Report in a manner that does not overwrite or make illegible the text of the document.

2. Each person receiving any of the OCDA Report shall not disclose to any person or entity, in any manner, including orally, any of the OCDA Report or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The OCDA Report and all information contained therein, may only be disclosed to the following "qualified" persons:

   (a) Counsel of record for the parties to this civil litigation;

   (b) Plaintiffs and Defendant City of Anaheim and its employees, including, but not limited to Chief John Welter and Officer Nick Bennallack;

   (c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

   (d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

   (e) With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the OCDA Report shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the

original of the compliance agreement to the attorney who gives him/her the protected information.  It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

4. To the extent any portion of the OCDA Report contains an audio recording, transcript and/or summary of a statement and/or report given to the OCDA by an independent witness who does not fall within one of the categories described in Paragraph 3 above, that selected portion of the OCDA Report may be provided to the particular witness to which it pertains.

5. The OCDA Report may be disclosed to the Court and court personnel, in connection with this litigation.  Portions of the OCDA Report that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5.  Counsel intending to use documents from OCDA Report must both (a) apply to submit unredacted documents containing any portion of the OCDA Report under seal and (b) file public versions of the same documents with the information from the OCDA Report redacted.

6. In the event this matter proceeds to trial, to the extent that any of the OCDA Report is offered into evidence, those documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

7. The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include the OCDA Report or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the OCDA Report or information to any persons other than counsel of record, absent order of the court.

///

1      8.   Those attending any future deposition(s) shall be bound by this Order
2 and, therefore, shall not disclose to any person or entity, in any manner, including
3 orally, any documents from the OCDA Report made by such person during the
4 course of said depositions.
5      9.   At any future deposition(s), should there be persons in attendance
6 who are not authorized to access to the OCDA Report or information, such persons
7 shall be removed from the deposition room at any time information relating to the
8 OCDA Report or protected information is disclosed or discussed.
9      10.  The OCDA Report shall be used solely in connection with the
10 preparation and trial of this action, entitled <u>Estate of Manuel Diaz, et a. v. City of
11 Anaheim, et al.</u>, bearing case number SACV12-01897 JVS (RNBx), or any related
12 appellate proceeding, and not for any other purpose, including, without limitation,
13 any other litigation or administrative proceedings or any investigation related
14 thereto.
15     11.  This Order may not be modified unless by written consent of the
16 parties and approval of the Court.  Any party may move for a modification of this
17 Order at any time.  Upon receipt and review of the documents produced pursuant
18 to this protective order, any party may move to remove the confidential
19 designation of any document after meeting and conferring with opposing counsel
20 and pursuant to the procedures governing discovery motions set forth in Local
21 Rule 37.
22     12.  This Order is made for the purpose of ensuring that the OCDA Report
23 will remain confidential, unless otherwise ordered by the Court or in response to a
24 successful motion by a party made pursuant to Paragraph 11.
25     13.  At the conclusion of this litigation, upon request of defense counsel,
26 plaintiffs' counsel shall return the OCDA Report to Steven J. Rothans, Esq.,
27 Carpenter, Rothans & Dumont, 888 S. Figueora Street, Suite 1960, Los Angeles,
28 California 90017.  Alternatively, the receiving parties and every other person

- 4 -
[Proposed] PROTECTIVE ORDER GOVERNING ORANGE COUNTY DISTRICT
ATTORNEY'S OFFICE INVESTIGATION REPORT

and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

14. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## GOOD CAUSE

The parties submit that GOOD CAUSE exists to enter the proposed protective order to balance the defendants' concerns that the documents consist of police reports and private information concerning the parties to this litigation, as well as individuals who are not parties to this litigation, as protected by the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, with plaintiffs' right to discovery in this litigation.  The parties agree that all documents marked confidential and produced pursuant to this protective order are subject to the terms of this protective unless otherwise ordered by the Court.

IT IS SO ORDERED.

DATED:   August 09, 2013

_____
Honorable Robert N. Block
U.S. District Court Judge