# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. SACV12-01897-JVS (RNBx) | Date January 13, 2014 |
| Title Estate of Manuel Diaz, et al v. City of Anaheim, et al. | |

Present: The Honorable   James V. Selna

| Denise Vo | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Dale K. Galipo | Jill Williams |
| Humberto Guizar | Moses Johnson, IV |
| Angel Carrazco, Jr. | |
| Melanie T. Parton | |

**Proceedings:   Defendants' Motion in Limine (fld 12/16/13)**

    **1) To Exclude Evidence or Argument that the Decedent was Unarmed or that No Gun was Recovered Post-Shooting**
    **2) To Exclude Evidence of Events that Occurred after the Shooting**
    **3) To Exclude Evidence of other Alleged "Wrongs" by the Defendants and other Police Agencies**
    **4) To Exclude Inflammatory Evidence**

    **Plaintiffs' Motion in Limine (fld 12/16/13)**

    **1) To Exclude Specific Items of Information Acquired after the Shooting Officer at the time of the Incident**
    **2) To Bifurcate Liability and Damages**
    **3) To Exclude Evidence of the Orange County District Attorney and City of Anaheim's Conclusions**
    **4) To Exclude Defense Expert Richard F. Clark, MD, Pursuant to FRE 702**
    **5) To Exclude Defense Expert Stephen Cooley Pursuant to FRE 702**
    **6) To Exclude Defense Expert Daniel Gonzalez Pursuant to FRE 702**

    **Final Pretrial Conference**

    Cause called and counsel make their appearances. The Court and counsel confer regarding evidentiary issues and trial procedures. The Court advises counsel to contact the Courtroom Clerk by Friday, January 17, 2014 to set up a Telephonic Conference if there is a need. The Court will sign and file the pretrial conference order as presented.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV12-01897-JVS (RNBx)                                Date  January 13, 2014

Title  Estate of Manuel Diaz, et al v. City of Anaheim, et al.

**The Court's tentative ruling regarding the motions in limine is issued. Counsel make their arguments. All rulings are made in accordance with the tentative ruling attached hereto.**

The Estate of Manual Diaz and Genevieve Huizar (collectively "Plaintiffs") and the City of Anaheim and Officer Nick Bennallack ("Bennallack") (collectively "City Defendants") move the Court for relief by way of Motions *in Limine*. The Court now enters its rulings.

I.     Plaintiffs' Motions *in Limine.*

      A. Motion *in Limine* No. 1: After Acquired Information.

Plaintiffs seek an order to exclude information acquired by the Anaheim Police Department after the incident which resulted in the death of Manuel Diaz ("Diaz") on the ground that such information is irrelevant to whether Bennallack used excessive force in violation of Diaz's constitutional rights. The Court agrees with the general principle, Graham v. Connor 490 U.S. 386, 396 (1989); Glenn v. Washington, 673 F.3d 864, 873 (9th Cir. 2011), but finds that there are other grounds for the admission of certain items which Plaintiffs seek to exclude. The Court consider each of Plaintiffs' objections.

      1. Diaz' Criminal History.

Prior to the incident, Bennallack had never seen Diaz before and knew nothing about him. (Bennallack Depo., p. 23.) Thus, Diaz' criminal history could not have formed any part of Bennallack's decision to fire. Graham, 490 U.S. at 396.

The Court rejects the City Defendants' argument that Diaz' criminal history is relevant because it "contextualizes a rapidly unfolding series of events." (Opposition, p. 4.) The Court agrees that such evidence may explain why Diaz might flee (id.), but has no bearing on an objective analysis of Bennallack's actions.[1]

---

[1] The rejects the contention that such evidence is admissible under Federal Rule of Evidence 404(b) as admissible prior bad acts. (Opposition, p. 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV12-01897-JVS (RNBx)                           Date   January 13, 2014

Title   Estate of Manuel Diaz, et al v. City of Anaheim, et al.

     Relying of Boyd v. City and County of San Francisco, 576 F.3d 938, 943 (9th Cir. 2009), City Defendants assert that there may be separate factual disputes that make information not known to the officer relevant. In Boyd, the issue was the decedent's alleged inability to comply with the officer's command to get down. The Ninth Circuit allowed evidence unknown to the officer that the decedent "Cammerin had exhibited a facile ability to get down on the ground without assistance, when he was arrested in Oakland after a similar high-speed pursuit."[2]  (Id. at 944.) City Defendants point to no similar experience in Diaz' past but rather to the general fact that he had criminal record. Without a specific tie, the Court finds that evidence of Diaz' prior record is more prejudicial than probative.[3]

     City Defendants contend that the evidence is relevant under the state tort claims because it goes to comparative fault. (Id., p. 5.) Nothing in this defense requires the admission of Diaz' prior record. Whether his conduct was negligent, and thus somehow contributed to his death, is unaffected by his prior record. Indeed, beyond reciting California's black letter law, City Defendants make no effort to link Diaz' prior record to any aspect of his potential negligence.

     Finally, City Defendants argue that his criminal history is relevant to damages. (Id., p. 6.) They contend that such evidence will assist the jury in determining what benefits the family is entitled to as a result of wrongful death. The Court agrees that criminal history is relevant to several aspects of damages, including the nature and quality of his relationship with his mother and his earnings ability. See Peraza v. Delameter, 722 F.2d 1455, 1457 (9th Cir. 1984); Green v. Baca, 226 F.R.D. 624, 657 (C.D. Cal. 2005). The Court will limit such evidence to the number of convictions and the dates of his absence while serving his sentences. The Court specifically excludes the nature of his offenses as more prejudicial than probative given the limited purpose for

---

    [2]The Ninth Circuit alluded to a number of other specific facts. Boyd, 576 F.3d at 944. However, Boyd cannot be read to endorse naked evidence of a conviction.

    [3]For like reasons, the Court rejects the contention that such evidence is admissible under Federal Rule of Evidence 404(b) as admissible prior bad acts. (Opposition, p. 7.) If as in Boyd, City Defendants could point to specific acts, the Court would agreed. Otherwise even under this theory, the evidence is more prejudicial that than probative. See Fed. R. Evid. 404(b), Advisory Committee Notes, 1972 Proposed Rules, Note to Subsection (b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

which criminal history is being allowed.

The Court will give a limiting instruction with regard to the purposes for which the jury may consider evidence of Diaz' criminal history. City Defendants will not be allowed to argue the prior convictions as part of the Graham analysis.

    2. Gang Affiliation.

Plaintiffs seek an order to exclude of Diaz' affiliation with the East Side Anaheim gang. The parties make two separate arguments.

The Court agrees that Diaz' gang affiliation is irrelevant to the Graham analysis. There is no evidence that Bennallack knew of his affiliation; for example, tattoos or the other evidence observed on the day of the incident. Boyd does not save this evidence for the same reasons it does not make Diaz' criminal record admissible on the Graham analysis. There is no specific event link, and whatever inference might be drawn without such a link would be more prejudicial than probative. (Fed. R. Evid. 403.)

The Court also agrees that City Defendants are permitted to argue that the Anna Drive neighborhood was a gang area, and that Bennallack had observed gang activities as recently as the day before. (Opposition, pp. 10-11.) The fact that the area was under a gang injunction is also admissible provided that Bennallack was aware of this fact. These were all things known to Bennallack. However, there is no evidence that Bennallack was aware that Diaz was named in the police declarations in conjunction with the injunction, and no reference to this fact shall be made.[4]

As it did with Diaz's criminal record, the Court finds that his gang affiliation is relevant to damages, in particular his relationship with his mother. Unlike the speculative basis on which gang evidence was offered in Lopez v. Aitken, 2011 WL 672798 *2 (S.D. Cal. 2011), this evidence has a direct bearing on his relationship with his mother, and if believed could cause the jury to value less that relationship. The evidence

---

[4]Moreover, given that Bennallack had never seen Diaz prior to the incident, there would be no basis for Bennallack to link Diaz to the injunction even if he knew in the abstract that Diaz was mentioned in the papers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV12-01897-JVS (RNBx)                          Date  January 13, 2014

Title  Estate of Manuel Diaz, et al v. City of Anaheim, et al.

while negative still has a probative value which exceeds its prejudice. The Court will exclude evidence of the tattoos themselves, such as photographs. The fact of gang affiliation is the point.[5]

The Court will give an appropriate limiting instruction.

At the pretrial conference, Plaintiffs raised the possibility that they would stipulate that Diaz was a gang member. Should the parties reach such an agreement, the Court will consider the effect on this ruling and the Court's decision to allow a gang expert. (See Section I.F, infra.)

    3. Cigarette Packet.

Plaintiffs seek to exclude evidence that one of the individuals with Diaz was observed throwing something on a roof shortly after the shooting. The article was later determined to be a cigarette packet containing narcotics.

Bennallack was unaware of this prior to the shooting, and thus the evidence cannot form part of the Graham analysis. In their Opposition, City Defendants fail to note that the object was thrown after the shooting. (Opposition, pp. 12-13.) Admission of this after-the-fact evidence might allow the jury to infer that Diaz was part of a drug operation on the day of the incident. However, this is too tenuous, and again unknown to Bennallack, and clearly more prejudicial than probative.[6] Had Bennallack formed an opinion that a drug deal was in progress the result might be different and Boyd might be instructive, but that is not the case.

This portion of the Motion is granted.

    4. Photographs.

---

[5] The Court would clearly revisit this issue if his mother were to testify that she had no knowledge of his gang affiliation.

[6] City Defendants' argument that the evidence is relevant to damages is even more tenuous. (Opposition, p. 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

   Plaintiffs seek to exclude photographs extracted after the incident from Diaz' phone and Facebook page. In principle, the Court agrees that evidence that Diaz possessed a weapon prior to the incident is relevant under Boyd.

   One of the disputed issues here is whether Diaz possessed a weapon at the time of the incident. The County Defendants represents that the cell phone contained photographs of Diaz taken two days before the incident showing Diaz with a weapon. (Opposition, p. 16.) The Court will likely exclude photos which show gang activities or stacks of money as irrelevant and more prejudicial than probative for the same reasons that the Court excludes gang and narcotic evidence discussed above.

   There are foundational issues which need to be addressed, and the Court will conduct a separate evidentiary hearing prior to the start of trial focusing on the specific photographs which the County Defendants wish to offer.

   5. Homelessness.

   Plaintiffs seek to exclude evidence that Diaz was homeless or sleeping in a laundry room prior to his death. The Court finds that this evidence is relevant to his relationship with his mother. The Court will allow it for this purpose and no other.

   6. Toxicology Results.

   Plaintiffs seek to exclude evidence from the coroner's toxicology report that Diaz had amphetamines, methamphetamines, and other drugs in his system at the time of the incident.

   City Defendants cite a number of cases in which drug evidence was admissible. (Opposition, pp. 14-15; Boyd, 576 F.3d at 944.) However, they offer no evidence of erratic or other behavior which would make the toxicological evidence corroborative. For example, in Boyd, the plaintiff "was acting erratically, taunting police and goading them to shoot him." Boyd, 576 F.3d at 944. Similarly, in Cotton v. City of Eureka, 2010 WL 5154945 (N.D. Cal. Dec. 14, 2010), "The EPD officers and percipient witnesses in this case observed that the Decedent's behavior at the Rescue Mission at the time of his arrest was erratic and abnormal, and possibly the result of the influence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV12-01897-JVS (RNBx)                              Date    January 13, 2014

Title    Estate of Manuel Diaz, et al v. City of Anaheim, et al.

illegal drugs." The necessary predicate is lacking here.

However, the Court finds that such evidence is admissible under City Defendants' comparative negligence defense to the state law claims. In theory, such evidence could establish that Diaz contributed to his own harm by failing to comply with police directions because he was impaired.[7] City Defendants' expert is prepared to testify to the effects of methamphetamine (Clark Report, ¶¶ 3-4), and that testimony is relevant to assessing Diaz' fault even if the police were not aware of the effects on Diaz. While the evidence of drug use is not helpful to Plaintiffs, it has significant probative value going beyond the prejudice which would flow from the fact of use. (Fed. R. Evid. 403.)

The Court will give a limiting instruction which excludes consideration of this evidence on the Section 1983 claim.

At the pretrial conference, Plaintiffs raised that they would drop their negligence claim, potentially taking the comparative fault issue out of the case. Should the Plaintiffs drop the negligence claim, the Court will consider the effect on this ruling.

7.  Conclusion.

As noted above, this Motion is granted in part and denied in part.

B.  Motion *in Limine* No. 2: Bifurcation.

Plaintiffs seek an order to bifurcate liability from damages. The Court grants the Motion is part and bifurcates punitive damages only.

As noted above, the Court has denied portions of Motion *in Limine* No. 1 on the ground that the evidence would be relevant to damages (e.g., Diaz' Criminal record). The Court finds no undue prejudice in trying all the liability and damages issues, except

---

[7]The Court rejects the contention that drug intoxication on the date of the incident goes to damages. (Opposition, p. 16.) At most, it establishes his condition on just one day. Any further inference would be unsupported and unduly prejudicial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

punitive damages, in one phase.  See Fed. R. Civ. P. 42(b).
Moreover, complexity of the issues or damages does not warrant bifurcation.  Compare Hilao v. Estate of Marcos, 103 F.3d 767, 782 (9th Cir. 1996).

      The Court does not believe that bifurcation will stream line the trial or save resources.  (Motion, p. 4.)  Particularly with regard to punitive damages, evidence and witnesses would likely be duplicative in multiple phases.

      The Court believes that the limiting instructions which it intends to give will cure any concerns about prejudice.  (See, e.g., Section I.A(1), (2).)

      Except as noted, the Motion is denied.

      C.  Motion in Limine No. 3: Use of Force Assessments.

      Plaintiffs seek an order to exclude assessments by the Orange County District Attorney and the City of Anaheim that Bennallack's use of force was not illegal, was within policy, or was not unreasonable.  City Defendants' do not oppose the Motion.  (Docket No. 80.)

      The Motion is granted.

      D.  Motion in Limine No. 4: Expert Richard F. Clark

      Plaintiffs seek an order to exclude City Defendants' toxicological expert Richard F. Clark, M.D. ("Clark").  Plaintiffs do not challenge Clark's qualifications, but rather argue that his expert opinion would not be helpful to the jury.  (Motion, p. 5.)

      Rule 702 of the Federal Rules of Evidence set forth the requirements for expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

<u>the trier of fact to understand the evidence or to determine a fact in issue</u>;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

(Fed. R. Evid. 702; emphasis supplied.)

  As an initial matter, the Court rejects City Defendants' contention that the Motion is somehow mislabeled or runs afoul of the Court's standing order regarding *in limine* motions. (Opposition, pp. 2-3.) In fact, Plaintiffs specifically "invoke[] the Court's power under Rule 702 of the Federal Rules of Evidence." (<u>See</u> Docket No. 20, p. 4.) The Motion is procedurally proper.

  The Court takes much the same approach as it did to Plaintiffs' motion to exclude toxicological evidence generally. (<u>See</u> Section I.A(6).) The evidence is not relevant to the <u>Graham</u> analysis because there is no evidence that Bennallack knew or believed that Diaz was on drugs nor did he observe behavior which would bring into question drug use. There is no evidence that intoxication was "perceived by Officer Bennallack." (Opposition, p. 5.) In the cases cited by City Defendants which allow such evidence as part of the <u>Graham</u> analysis, the officers in fact had just such a perception. (<u>See</u> Motion, pp 7-8.)

  However, the Court continues to believe that evidence of drug use is relevant to City Defendants' comparative fault defense.

  The Court finds that the Plaintiffs' factual criticisms of Clark's testimony are either irrelevant or go to the weight of Clark's testimony.

  Clark's inability to pin down when Diaz took the drugs found in his system goes the weight of his testimony. (Motion, pp. 2-3.) He testified that prior usage could have been as early as 12 hours prior to the incident. (Clark Depo., p. 27-28.) Clark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

clearly testifies to the effect of methamphetamine, and it is for the jury to determine whether the effects were so attenuated by the passage of time as to have no effect on Diaz' conduct.

That Diaz may have <u>appeared</u> the same as someone not under the influence does not address how the drugs may have affected Diaz' conduct. (<u>Id.</u>, pp. 3-4.) While someone who evades the police may appear no different whether sober or on drugs is beside the point in assessing Diaz' possibly impaired ability to control his conduct.

It is sufficient for Clark to testify that Diaz' judgment may have been impaired. (Clark Depo., p. 27.)

The Motion is granted in part and denied in part.

E. <u>Motion <i>in Limine</i> No. 5: Expert Stephen L. Cooley.</u>

Plaintiffs seeks to exclude City Defendants' expert Stephen L. Cooley, former District Attorney for the County of Los Angeles, on the ground that he does not meet the requirements of Federal Rule of Evidence 702. Cooley opines that on the basis of evidence before the incident, had Diaz survived, he would have been charged with a drug offense, been convicted, and would have served 14 or 15 years.

The Supreme Court in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 593-95 (1993), determined that scientific evidence will assist the trier of fact if: (1) the scientific theory or technique can be and has been tested; (2) whether the theory or technique has been subject to peer review; (3) whether there is a known or potential error rate; and (4) whether the theory is generally accepted in the relevant scientific community. The proponent of an expert bears the burden of establishing the expert's qualification as an expert on the subject of his testimony. <u>United States v. Booth</u>, 669 F.2d 1231, 1239 (9th Cir. 1981).

While Cooley has extensive experience in the field of law enforcement, the Court does not believe those credentials enable him, or any one else, to opine on whether an assumed set of facts would result in a conviction, and in the event of conviction, what the sentence would be. He offers no recognized methodology for reaching his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

conclusions. At bottom, his opinion reduces to a set of *ipse dixits*, notwithstanding his distinguished law enforcement career. General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997). The Plaintiffs' list of factual hurdles which Cooley's opinion must clear is a fair summary of the decision tree which one would have to traverse to reach Cooley's conclusion and it is fraught with speculation at multiple levels. (Motion, pp. 5-6.)

Introduction of Cooley' opinions would literally lead to a litigation within a litigation, namely whether a crime had been committed on the day of the incident and what the sentence would be. For this reason alone, the opinion is excludable. (Fed. R. Evid. 403.) Moreover, the existence of a crime, of which Bennallack was not aware, sheds no light on whether the force used that day was reasonable.

The fact that Cooley' opinion was developed for litigation makes it additionally suspect.

The Motion is granted.

F. Motion *in Limine* No. 6: Expert Daniel Gomez.[8]

Plaintiffs seeks to exclude City Defendants' expert Daniel Gomez ("Gomez"). Gomez is an Anaheim Investigator and a non-retained gang expert who is expected to testify concerning the East Side Anaheim gang.

The Court makes three observations at the outset. First, knowledge of gangs and their culture is a recognized expertise. United States v. Hankey, 203 F.3d 1160, 1164 (9th Cir. 2000). Second, Gomez clearly has the requisite experience and background to qualify him as a gang expert, and he is not challenged on this basis. Third, Bennallack was not aware of Diaz' gang status at the time of the incident. As noted above the only relevance of Diaz' gang affiliation goes to issues other than liability. (See Section I.A.2.)

The Court will allow Gomez to express an opinion as to whether Diaz was a

---

[8]The Court sees some merit in City Defendants' procedural argument. However, a failure to include a proffered opinion in an expert report is clear a Rule 702/26(a)(2)/37(c) issue. The Court will entertain the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

member of the East Side gang and the reasons therefor,[9] and his opinion, without further detail, that the gang was a criminal street gang within the meaning of the California Penal Code. There is a dispute whether his "report," actually a declaration he prepared in support of a gang injunction, discloses Diaz, but the matter was certainly adequately explored at deposition. Any shortcoming is harmless. (Fed R. Evid. 37(c)(1).) Given the limited scope of the relevance of the gang evidence, the Court finds that further gang testimony would be unduly prejudicial. (Fed. R. Evid. 403.) Specifically,

- The activities of the gang. This can only serve to inflame the jury.

- That the Anna Drive area was part of the gang's turf. Bennallack will so testify, and no party appears to dispute the fact. Thus Gomez' testimony would be cumulative. If there is a dispute on the issue, City Defendants may ask the Court to revisit the issue.

- Any specific gang activities on the part of Diaz, including the fact that he was on gang terms. Again, this would only inflame the jury.

The Motion is granted except as noted.

II.   City Defendants' Motions *in Limine*.

   A.   Motion *in Limine* No. 1: Absence of Weapon.

City Defendants seek an order to exclude evidence that Diaz was unarmed at the time of the incident, and that no weapon was later found on him or in the area. City Defendants contend that such evidence is not relevant to the Graham analysis. (Motion, pp. 2-3.)

A full and complete rebuttal to City Defendants' position is found in their

---

[9]The Court believes that such testimony should be brief and consist of little more than Diaz' tattoos, his gang monicker and field identification cards ("FIs"), including any statement by Diaz, if any, that he claimed East Anaheim. Any further discussion of his specific activities, including the fact that he was on gang terms, would only inflame the jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV12-01897-JVS (RNBx)                                      Date   January 13, 2014

Title     Estate of Manuel Diaz, et al v. City of Anaheim, et al.

description of the incident: "Believing that Diaz was holding a gun in a 'low-ready' position in front of his body and was going to shoot, from a distance of five to ten feet, Officer Bennallack fired two consecutive rounds at Diaz." (Id., pp. 1-2.) By City Defendants' own characterization of the scene, the presence or absence of a gun was part–and indeed the most important part–of Bennallack's decision to fire. Plainly, evidence that corroborates the absence of a weapon is relevant, whether such evidence arises before or after the incident. Boyd, 576 F.3d at 944. The Court finds it preposterous and borderline frivolous to argue on the facts of this case that the actual presence or absence of a gun is irrelevant.

The Seventh Circuit case of Sherrod v. Berry, 856 F.2d 802 (7th Cir. 1988), does not support City Defendants' position nor diminish the patent unreasonableness of the argument here. In a hypothetical, the Sherrod court posited that on facts similar to those here the presence or absence of a weapon would be both material and admissible:

> Our holding today should not be interpreted as establishing a black-letter rule precluding the admission of evidence which would establish whether the individual alleging a § 1983 violation was unarmed at the time of the incident. Clearly, the credibility of the witness "can always be attacked by showing that his capacity to observe, remember or narrate is impaired." Further, "impeachment by contradiction is a technique well recognized in the federal courts by which specific errors in the witness's testimony are brought to the attention of the trier of fact." <u>For example, if an officer testifies that "I saw a shiny, metallic object similar to a gun or a dangerous weapon in the suspect's hand," then proof that the suspect had neither gun nor knife would be material and admissible</u> to the officer's credibility on the question of whether the officer saw any such thing (and therefore had a reasonable belief of imminent harm).[10]

(Id. at 806; internal citations deleted; emphasis supplied.)   The record does not indicate whether the gun Bennallack allegedly observed was "shiny," but we do know from City

---

[10] Indeed, in their Reply, City Defendants validate one of Sherrod's theories of admissibility: "The best–and most fair–alternative means . . . is through vigorous cross-examination of Officer Bennallack." (Reply, p. 4.) That, of course, includes impeachment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV12-01897-JVS (RNBx)　　　　　　Date　January 13, 2014

Title　Estate of Manuel Diaz, et al v. City of Anaheim, et al.

Defendants' description quoted above that "Diaz was [allegedly observed] holding a gun in a 'low-ready' position in front of his body and was going to shoot." In light of the foregoing passage, the Court finds it difficult to understand how City Defendants can characterized the case as "instructive." (Motion, p. 3.)

　　　　The Motion is denied.

　　　　B.　Motion *in Limine* No. 2: Post-Incident Events.[11]

　　　　City Defendants seek an order to exclude certain post-incident events on the grounds that they are not relevant or are more prejudicial than probative. (Fed. R. Evid. 401, 403.) Although there is mention of several videos (Motion, pp. 2-4), the only video in issue appears to be the You Tube video attached to the Motion as Exhibit A.

　　　　The Court assumes without deciding that an appropriate foundation for the video can be laid, including an explanation for the apparent breaks in the filming.

　　　　The Court has viewed the video. The video appears to have been shot from about 20-30 feet away from Diaz, based on the two cars visible to the right at the curb. The Court cannot discern one way or the other whether there was a weapon or any thing resembling or suggesting a weapon–the camera is too far removed. But this is something the parties can argue to the jury. In any event, the video does show that Diaz was not being attended to.

　　　　There is nothing inherently prejudicial or inflammatory about the video, and it runs only three minutes. There is no basis to exclude it entirely under Rule 403.

　　　　The audio portion of the video is problematic. Various people are commenting on the scene in both English and Spanish. The statement at about 1:00 minute "Why would you shoot him in the head?" has numerous problems going well beyond hearsay. The Court orders the audio portions excluded in their entirety.

---

[11] In view of the Court's exclusion of the results of City's and the District Attorney's investigations (see Section I.C), the portion of the Motion directed to the exclusion of evidence that a police officer laughed during an interview which was part of City's investigation is moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV12-01897-JVS (RNBx) | Date | January 13, 2014 |
| Title | Estate of Manuel Diaz, et al v. City of Anaheim, et al. | | |

Additionally, the Court excludes all but the first thirty seconds of the video.[12] It was represented at the hearing that Bennallack was not in the video after the first twenty seconds. Particularly given that Plaintiffs indicated at the hearing that they were not pursuing a claim that Bennallack ignored Diaz' medical needs, it would be prejudicial to show the balance of the tape during which Diaz is not being tended to. In essence, the only purpose of the video is to give the jury a view of the scene, and that can be done with the initial thirty seconds.

The Court excludes all other videos and references thereto. No other videos have been presented to the Court.

Except as noted, the Motion is denied.

C.  Motion *in Limine* No. 3: Other Bad Acts.

City Defendants seek an order to exclude evidence of civilian complaints, discipline and training of Bennallack, and another shooting by Bennallack. The Plaintiffs indicate that in light of the Court's Monell ruling on summary judgment they will not pursue much of the evidence to which City Defendants object. (Opposition, p. 1.) The only piece of evidence still in contention is the fact that Bennallack shot and killed Bernie Villegas ("Villegas") six months prior to the present incident. The Plaintiffs argue that this is admissible as another bad act under Federal Rule of Evidence 404(b).

The Court excludes the Villegas incident for several reasons. First, there has been no determination that Bennallack's shooting of Villegas constituted misconduct. This makes the evidence suspect. United States v. Bailey, 696 F.3d 794, 800 (9th Cir. 2012). By way of contrast, in O'Neill v. Krzeminski, 839 F.2d 9, 10-11 (2d Cir. 1988), a case relied upon by Plaintiffs (Opposition, p. 2), the misconduct was documented by two prior judgments.

Second, the Court does not believe that evidence of a prior shooting goes to any of the permissible factors under Rule 404(b): "motive, opportunity, intent,

---

[12] At the pretrial conference, the parties indicates that they would discuss agreeing on precise break.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV12-01897-JVS (RNBx)   Date   January 13, 2014

Title   Estate of Manuel Diaz, et al v. City of Anaheim, et al.

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (Fed. R. 404(b)(2).) Rather, the evidence reduces to an impermissible showing of propensity.[13] (Fed. R. Evid. 404(b)(1).)

Third, the Court questions the similarity of the two instances. While it is debatable here whether Bennallack reasonably perceived a weapon, there was in fact a long-barrel gun in the Villegas incident, and the only issue was whether it could be perceived as a shot gun. That is a material distinguishing fact.

Fourth, the introduction of the Villegas incident would necessarily be a trial within a trial. Duran v. City of Maywood, 221 F.3d 1127, 1133 (9th Cir. 2000); Fed. R. Evid. 403.

The Motion is granted in all aspects.

D.   Motion *in Limine* No. 4: Certain Evidence.

City Defendants seek an order to exclude evidence of Bennallack's nickname "Buckshot" and certain photographic evidence, including coroner's photos. They argue that the evidence should be excluded under Federal Rule of Evidence 402 or 403.

1. Bennallack's Nickname.

The Court finds no relevance in Bennallack's nickname. United States v. Williams, 739 F.2d 297, 299-301 (7th Cir. 1987). It is not tied to any of his police activities, but rather was a name chosen for a charity boxing match. Even if the name were tied to his police activities, use of the nickname is more prejudicial than probative in that it could unfairly suggest to the jury unsavory character. (Fed. R. Evid. 403.)

Plaintiffs do not oppose this portion of the Motion (Opposition, p. 4), and it is granted.

---

[13] At the pretrial conference, Plaintiffs' counsel repeatedly offered the shooting as evidence of Bennallack's "propensity" to use force. That is not permitted. (Fed. R. Evid. 404(b)(1).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV12-01897-JVS (RNBx)                                  Date  January 13, 2014

Title  Estate of Manuel Diaz, et al v. City of Anaheim, et al.

      2. <u>Photographs.</u>

      Photographs have the potential for both relevant evidence and gratuitous provocation of the jury. Neither party focuses on any specific photograph in their papers.

      The Court orders the parties to meet and confer concerning specific photos which City Defendants intend to offer. The Court will resolve any dispute over photographs to which the parties do not agree prior to the use of any such photograph at trial, including use in opening statement.

      The Motion is granted to the extent indicated.

      * * * * * * * * * * * * *

**Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**

|  | PTC | : | 20 |
|---|---|---|---|
|  | MTNS |  | 31 |
| Initials of Preparer | dv |  |  |