**FILED**
CLERK, U.S. DISTRICT COURT

October 27, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _Karla Tunis_ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ESTATE OF MANUEL DIAZ,

                      Plaintiff,

        v.

CITY OF ANAHEIM, *et al.,*

                  Defendants.

CASE NO: SACV 12-1897 JVS (RNBx)

JURY INSTRUCTIONS

DATED: October 27, 2017

_____

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

F                             1

COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

F                                                    2

COURT'S INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This civil lawsuit arises out of the fatal shooting of Manuel Diaz on Saturday, July 21, 2012, at approximately 4:00 p.m. by Anaheim Police Department Officer Nicholas Bennallack.

The plaintiff is Mr. Diaz's mother, Genevieve Huizar. The defendants are the City of Anaheim and Officer Bennallack.

The plaintiff contends that the shooting of Mr. Diaz by Officer Bennallack was excessive and unreasonable and that Mr. Diaz did not pose an immediate threat of death or serious bodily injury to anyone at the time he was shot. The defendants deny these allegations and contend that the shooting of Manuel Diaz was lawful and in self-defense and defense of others, and that Mr. Diaz presented an immediate threat of death and/or serious bodily injury to Officer Bennallack and others in the area at the time deadly force was used.

F                                              3

COURT'S INSTRUCTION NO. 3

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

F                                         4

COURT'S INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

F

5

COURT'S INSTRUCTION NO. 5

The parties have agreed to the following facts:

1.      Officer Nicholas Bennallack acted under color of law and within the course and scope of his employment by the City of Anaheim.

2.      The incident took place on July 21, 2012.

You should treat these facts as having been proved.

F

6

## COURT'S INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned  on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must  consider all the evidence in the light of reason, experience, and common sense.

F                                                        7

COURT'S INSTRUCTION NO. 7

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the court was not in

F

8

1    session is not evidence. You are to decide the case solely on the evidence

2    received at the trial.

COURT'S INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

F                                            10

COURT'S INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.     any other factors that bear on believability.

F                                          11

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

F

12

COURT'S INSTRUCTION NO. 10

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

F

13

COURT'S INSTRUCTION NO. 11

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

F                                          14

COURT'S INSTRUCTION NO. 12

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

F                                          15

COURT'S INSTRUCTION NO. 13

The plaintiff brings some of her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

F

16

COURT'S INSTRUCTION NO. 14

In order to prevail on her Section 1983 claims against the defendants, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    Officer Nick Bennallack acted under color of state law; and

2.    The acts of Officer Nick Bennallack deprived Manuel Diaz of his particular rights under the United States Constitution as explained in later instructions.

The parties have stipulated that Officer Nick Bennallack acted "under color of state law" when he shot Manuel Diaz.

F

17

COURT'S INSTRUCTION NO. 15

A "consensual" encounter with police is one from which a person is free to leave.

F

COURT'S INSTRUCTION NO.  16

In general, a seizure of a person is also unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself or others.  Therefore, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when he shot Manuel Diaz.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.    The severity of the crime or other circumstances to which the officers were responding;

2.    Whether the decedent posed an immediate threat to the safety of the officer or to others;

F                                                    19

3.    Whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

4.    The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.    The type and amount of force used;

6.    The availability of alternative methods to take the decedent into custody; and

7.    Whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given.

F

20

COURT'S INSTRUCTION NO.  17

Plaintiff has the burden of demonstrating that excessive use of force by Officer Bennallack which deprived Manuel Diaz of constitutional rights was a substantial factor in any harm sustained by Manuel Diaz.

F

21

COURT'S INSTRUCTION NO. 18


Plaintiff also asserts a  claim under state law that Officer Bennallack harmed decedent Manuel Diaz by using unreasonable force to arrest him and prevent his escape or overcome his resistance. To establish this claim, Plaintiff must prove all of the following:


1.   That Officer Bennallack used unreasonable force to arrest and/or prevent the escape of decedent Manuel Diaz;


2.   That decedent Manuel Diaz did not consent to the use of that force;


3.   That decedent Manuel Diaz was harmed; and


4.   That Officer Bennallack's use of unreasonable force was a substantial factor in causing decedent Manuel Diaz's harm.


A police officer may use reasonable force to arrest or detain a person when he has reasonable cause to believe that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

F                                             22

In deciding whether Officer Bennallack used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Officer Bennallack's position under the same or similar circumstances. You should consider, among other factors, the following:

(a)    The seriousness of the crime at issue;

(b)    Whether decedent Manuel Diaz reasonably appeared to pose an immediate threat to the safety of Officer Bennallack or others; and

(c)    Whether decedent Manuel Diaz was actively resisting arrest or attempting to evade arrest.

The reasonableness of an officer's conduct is to be determined in light of the totality of the circumstances.

F                                    23

COURT'S INSTRUCTION NO. 19


A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the plaintiff must prove the defendant meant to engage in the act[s] that caused a seizure of the decedent's person.  Although the plaintiff does not need to prove the defendant intended to violate the decedent's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.


There is no dispute that Officer Bennallack intentionally fired his weapon.

F                                          24

COURT'S INSTRUCTION NO. 20

　　　If a police officer is confronted by the appearance of danger which he believes, and a reasonable person in the same position would believe, would result in death or great bodily injury, the officer may act upon those circumstances.  The right of self-defense is the same whether the danger is real or merely reasonably apparent.

F                                    25

COURT'S INSTRUCTION NO. 21


A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

F

26

COURT'S INSTRUCTION NO. 22

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

F

27

COURT'S INSTRUCTION NO.  23

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

F

28

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

F

29

COURT'S INSTRUCTION NO.  24

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

F                                                    30

COURT'S INSTRUCTION NO.  25


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

F                                   31